**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**


The State, Respondent,

v.

Ricky Eugene Passmore, Appellant.

Appellate Case No. 2014-000727

_____

Appeal From York County
John C. Hayes, III, Circuit Court Judge

_____

Unpublished Opinion No. 2016-UP-097
Submitted January 1, 2016 – Filed March 2, 2016

_____

**AFFIRMED**

_____

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General David A. Spencer, both of
Columbia; and Solicitor Kevin Scott Brackett, of York,
for Respondent.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006)
("When ruling on a motion for a directed verdict, the trial court is concerned with

the existence or nonexistence of evidence, not its weight."); *State v. Gilliland*, 402 S.C. 389, 397, 741 S.E.2d 521, 525 (Ct. App. 2012) ("An appellate court reviews the denial of a directed verdict by viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 477 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-11-311(A) (2015) (stating "[a] person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling," and at least one of the enumerated aggravating circumstances is present); S.C. Code Ann. § 16-11-310(3) (2015) ("'Enters a building without consent' means:  (a) To enter a building without the consent of the person in lawful possession; or (b) To enter a building by using deception, artifice, trick, or misrepresentation to gain consent to enter from the person in lawful possession."); *State v. Meggett*, 398 S.C. 516, 527, 728 S.E.2d 492, 498 (Ct. App. 2012) ("[W]hether a defendant possessed the requisite intent at the time the crime was committed is typically a question for jury determination because, without a statement of intent by the defendant, proof of intent must be determined by inferences from conduct."); *Gilliland*, 402 S.C. at 397, 741 S.E.2d at 526 ("Although the intent to commit a crime must exist at the time the accused enters the dwelling, the jury may base its determination of that intent upon evidence of the accused's actions once inside the dwelling.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.